UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LIBERIAN COMMUNITY ASSOCIATION OF CONNECTICUT, *et al.*, | ) ) | No.: 3:16-CV-00201-AVC |
| Plaintiffs, | ) | |
| v. | ) | |
| GOVERNOR DANNEL MALLOY, *et al.*, | ) | |
| Defendants. | ) | January 17, 2017 |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING *WHITE V. PAULY* (U.S.)**

Defendants filed a Notice of Supplemental Authority on January 10 (Dkt. # 53) to accompany their submission of *White v. Pauly*, --- U.S. ---, --- S. Ct. ---, 2017 WL 69170 (Jan. 9, 2017) (*per curiam*). While the Supreme Court's opinion speaks for itself, Plaintiffs feel compelled to point out three mischaracterizations in Defendants' Notice.

First, Defendants' assertion that *White* provides "important guidance" implies that this *per curiam* opinion clarifies pre-existing law on the qualified immunity doctrine. A more accurate description of *White*, however, is that it illustrates the application of well-settled standards to an unusual set of facts. While Defendants' Notice quotes liberally from the opinion's recitation of the applicable standards, it neglects to mention that the Court lifted all of the quoted language from earlier decisions. *See* 2017 WL 69170, at *4-5. Thus, *White* offers no new insights; rather, it applies precedents that the parties have already addressed in their submissions on Defendants' Motion to Dismiss.

Second, Defendants' statement that "like *White*[,] this case presents a unique set of facts and circumstances" is facile. Each case is unique in some respects; the inquiry for purposes of

qualified immunity is whether the uniqueness of the facts results in a lack of guidance on the legality of the challenged government conduct.  In *White*, the Court pondered the application of qualified immunity to a police officer who fired a lethal shot at an armed individual during a confrontation at which police allegedly had failed to identify themselves.  *Id.* at *2.  The case was unusual in that Officer White arrived late on the scene and found guns drawn on both sides.  *Id.*  The Court considered that under these circumstances, there was no settled case law requiring that White "second-guess the earlier steps" taken by his colleagues.  *Id.* at *5.  Consequently, his conduct presented no violation of a "clearly established right."  *Id.* (internal quotation marks omitted).  Dr. Mullen's conduct, in contrast, violated the unambiguous language of a state statute that was squarely on point, and flouted case law imposing a least-restrictive-means requirement in the context of civil commitment of individuals in a variety of circumstances.  *See* Plaintiffs' Opposition to Defendants' Motion to Dismiss at 13-18 (Dkt. # 47).

Third, the Court in *White* reiterated that "general statements of the law are not inherently incapable of giving fair and clear warning to officers" so long as pre-existing case law renders "the unlawfulness . . . apparent[.]"  2017 WL 69170, at *5 (citations and internal quotation marks omitted).  Thus, while the Court concluded that based on the record in that case, a violation of a "clearly established right" could not be derived from cases that "lay out excessive-force principles at only a general level" (*id.* at *5), it did not overrule well-settled law that the illegality of conduct is "beyond debate" when the conclusion of illegality "follow[s] immediately" from a more general precept that is itself "clearly established."  *Mullenix v. Luna*, --- U.S. ---, 136 S. Ct. 305, 308 (2015) (quoting *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)).  Any suggestion from Defendants that a qualified immunity defense can be overcome only by pointing to a case that presents the exact same circumstances stretches *White's* import far beyond what the Court

actually held.  As the Second Circuit recognizes, courts may deny qualified immunity even when law relevant to the factual circumstances at issue is not fully settled.  *See Sakoc v. Carlson*, 656 F. App'x 573, 577 (2d Cir. 2016) (summary order) (affirming district court refusal to grant qualified immunity to defendants even though law was concededly "undeveloped").

In sum, far from providing "important guidance," *White* presents an application of well-established standards to a unique set of facts not relevant to the dispute before this Court.

BY: /s/ Susan J. Kohlmann\_\_\_\_\_

Kyle Edwards, Law Student Intern
D'Laney Gielow, Law Student Intern
Andrea Levien, Law Student Intern
Megha Ram, Law Student Intern
Emma Roth, Law Student Intern
Muneer I. Ahmad, No. ct28109
Amy Kapczynski, No. ct29965
Michael J. Wishnie, No. ct27221
JEROME N. FRANK
LEGAL SERVICES ORGANIZATION
Yale Law School
P.O. Box 209090
New Haven, Connecticut 06520
Phone: (203) 432-4800

Jeremy M. Creelan (*pro hac vice*)
Susan J. Kohlmann (*pro hac vice*)
Jeremy H. Ershow (*pro hac vice*)
JENNER & BLOCK LLP
919 Third Avenue
New York, New York 10022-3908
United States of America
+1 212 891 1600

*Attorneys for Plaintiffs*

4

## **CERTIFICATE OF SERVICE**

I, Jeremy H. Ershow, hereby affirm that on this 17th day of January 2017, I caused Plaintiffs' Memorandum in Response to Defendants' Notice of Supplemental Authority Regarding *White v. Pauly* (U.S.) to be served on all counsel of record by ECF.

Dated: January 17, 2017                                                                /s/_Jeremy H. Ershow_____